UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUCAS MICHAUD | Case No.:  1:24-cr-00016-JAW |

**PROSECUTION VERSION OF THE OFFENSES**

**Count One**

Between May 1, 2022, through about March 24, 2023, there existed in the District of Maine and elsewhere a conspiracy between persons known and unknown to possess with the intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture of substance containing methamphetamine. The defendant knowingly and intentionally joined and participated in the conspiracy. The defendant had a general understanding with others about how to go about getting the methamphetamine and distributing it in Downeast Maine.

In this regard, the defendant obtained methamphetamine from a co-conspirator who coordinated shipments of methamphetamine from a source in California to multiple conspirators, including the defendant, who distributed it in Downeast Maine.

**Count Two[1]**

Between May 1, 2022, through about March 24, 2023, the defendant along with conspirators conducted or attempted to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of a specified unlawful

---

[1] The prosecution version of Count Two incorporates by reference the recitation of facts set forth in Count One.

activity, that is conspiracy to distribute and possession with intent to distribute controlled substances. The defendant did so knowing that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of said unlawful activity.

In this regard, the defendant conspired with others in Maine to send money and proceeds from the sale of controlled substances to the source in California. Working with a co-conspirator, the defendant and other co-conspirators used their identifications and their accounts to send money to the source in California in an effort to conceal and disguise another co-conspirator's involvement in these transactions. The money and proceeds were sent to the source via various money services, including Walmart to Walmart, Cash App, and Venmo.

Had the case proceeded to trial, the evidence would have included testimony of Special Agents of the Federal Bureau of Investigations (FBI), including a forensic accountant who analyzed the money transfers from Maine to California. The Government would have offered evidence, including methamphetamine seized during the course of the conspiracy, and the testimony of cooperating defendants and cooperating witnesses involved in the conspiratorial conduct with the defendant. The Government would have also offered the testimony of a certified chemist. Finally, the Government would have introduced USPS records, Facebook messages, and audio and video recordings. This evidence would have proven the defendant guilty beyond a reasonable doubt of the offenses charged in the indictment.

Dated at Bangor, Maine this 10th day of January 2025.

                Respectfully submitted,

                DARCIE N. MCELWEE
                United States Attorney


                /s/ Raphaelle A. Silver
                Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 10, 2025, I electronically filed the document(s) with the Clerk of Court and sent a copy of such filing(s) to the following:

Joel Vincent, Esq.
Attorney for the Defendant

Darcie N. McElwee
United States Attorney

/s/Raphaelle A. Silver
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Suite 111
Bangor, ME 04401
(207) 945-0373